JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07383-RGK (PLA) | Date | October 19, 2020 |
|---|---|---|---|
| Title | *CHENIQUE HANNAH v. OMNI PROPERTIES, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On April 13, 2020, Chineque Hannah ("Plaintiff") filed a complaint against Omni Properties, LLC ("Omni") and Chloe Glass (collectively, "Defendants") alleging PAGA claims arising out of her employment with Omni.

On August 14, 2020, Omni removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Omni's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages and penalties for, among other things, failure to reimburse business expenses, missed meals breaks, and underpaid wages. In support of its removal, Omni calculates that based the statutory penalties allowed and Plaintiff's hourly rate, the total amount in controversy on the majority of Plaintiff's claims is $37,220. Omni then conclusorily states penalties associated with "other PAGA penalties" would add even more to the amount in controversy. Finally, Omni estimates that attorney's fees through trial would exceed $67,000, based on Plaintiff's counsel's hourly rate.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07383-RGK (PLA) | Date | October 19, 2020 |
|---|---|---|---|
| Title | *CHENIQUE HANNAH v. OMNI PROPERTIES, et al* | | |

However, with $37,220 as a starting point, and no supporting evidence regarding "other PAGA claims," Omni does not plausibly allege that the minimum amount in controversy has been met, as Omni's inclusion of attorneys' fees is speculative.

As Omni points out, Plaintiff would be entitled to statutory attorneys' fees if the action succeeds. However, the Court finds that Omni has not carried its burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Omni has provided only speculation.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 20STCV14206

:

Initials of Preparer   jre